[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 10, 1995
The third party defendant AJ Construction Company moves for a stay of proceedings with regard to claims advanced by third party plaintiff A.M. Rizzo Electrical Contractors, Inc. against the third party defendant AJ Construction Company. The third party defendant claims that the parties entered an agreement between the contractor and subcontractor which stated in Provision 6.1 "any controversy or claim between the contractor and the subcontractor arising out of or relating to this subcontract, or breach thereof, shall be settled in arbitration, . . ."
In this case the plaintiff Della Vallette claimed injury in that she collided with construction equipment on the highway. The defendant A.M. Rizzo was the general contractor under a contract between it and the State of Connecticut. The third party defendant AJ Construction Company was impleaded by defendant Rizzo. Rizzo claims that AJ Construction is or may be liable to Rizzo for any damages Rizzo is obligated to pay to the plaintiff.
Defendant Rizzo claims that the third party defendant AJ Construction Company was in control of the area of the plaintiff's injury and that the contract contained an indemnity provision which reads as follows: "To the fullest extent permitted by law the subcontractor shall indemnify and hold harmless the . . . contractor, . . . from and against claims, damages, CT Page 916 losses and expenses, . . . arising out of or resulting from performance of the subcontractor's work under this subcontract, provided that such claim, damage, loss and expense is attributable to bodily injury . . . but only to the extent caused in whole or in part by negligent acts or omission of the subcontractor . . ." Because the third party defendant's liability to defendant Rizzo pursuant to the contract is dependant upon the determination of the underlying dispute between the plaintiff, Vallette, and the defendant, resolution of the dispute between Rizzo and AJ Construction involves as a necessary party the plaintiff, Vallette.
The court finds that the dispute in this case is not one which falls within the scope of the arbitration clause, i.e., a dispute between the two parties to the subcontract, but rather it is a dispute among three parties including the plaintiff, each of which is an indispensable factor and participant.
The finding in favor of the plaintiff with respect to these claims will trigger the indemnification provision in the subcontract between Rizzo and AJ Construction. A finding on this issue will only occur if the plaintiff is a party to the proceeding.
Accordingly, the court finds that it would not be appropriate to grant the third party defendant's Motion for a Stay of Proceedings in this case.